IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER GRIFFIN,

                          Petitioner,                    OPINION and ORDER

      v.
                                                          25-cv-407-jdp
E. EMMERICH,

                          Respondent.

---

Peter Griffin, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons (BOP) to award him First Step Act time credits entitling him to earlier placement in supervised release.[1] The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions like this one brought under § 2241.[2] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this petition brought by an unrepresented petitioner, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Griffin's projected release date is in October 2025. He contends that he is entitled to earlier release for two reasons: (1) he spent several months (December 2023 to July 2024) at three facilities in "in transit" status without earning First Step Act time credits without the

---

[1] Since filing his petition, Griffin has been transferred to prerelease custody in California. But this court retains jurisdiction over the petition. *See In re Hall*, 988 F.3d 376, 377 (7th Cir. 2021) ("[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction.").

[2] *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

BOP moving faster to transfer him to a facility offering recidivism reduction programs; and (2) he should have been awarded 15 days of credits for every month of his incarceration rather than the 10 days of credits that he was awarded every month from July 2024 to January 2025 or the zero days of credits that he was awarded during his time in "in transit" status.

But Griffin concedes that he has failed to exhaust his administrative remedies for these claims, which is fatal to his petition. Courts generally require a prisoner to exhaust each level of the BOP's administrative remedies before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Anderson v. Miller*, 772 F.2d 375, 376–77 (7th Cir. 1985). I take Griffin to be saying that he filed a grievance about the unavailability of credit during his "in transit" time in March 2025 but did not appeal all the way through the administrative review process before filing his habeas petition. And he does not appear to have filed any grievance about his argument that he should have been entitled to 15 days of credits for each month of his incarceration.

I may excuse a failure to exhaust where: (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Griffin argues that he didn't file his last appeal because a response would have been too late to avoid prejudice by misapplication of time credits. But Griffin does not explain why he waited until March 2025 to file a grievance about a problem that occurred from December 2023 to July 2024. A petitioner "cannot manufacture exigency by tarrying." *Richmond*, 387 F.3d at 604. And he doesn't say that he filed any grievance about his habeas

claim regarding the improper award of 10 days of credit for each month dating back to July 2024. So I will deny Griffin's habeas petition.

ORDER

IT IS ORDERED that:

1.  Petitioner Peter Griffin's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED without prejudice.

2.  The clerk of court is directed to enter judgment and close this case.

Entered September 4, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3